### ANTON BEBERDICK ET AL. v. ALICE CREVIER.

A mortgage on the lands of the husband is held against husband and wife, and they unite in a note that pays off such encumbrance. *Held*, that such a contract was within the capacity of a *feme covert*, as it was a benefit to her dower right, and that it was not affected by the fact that her husband acted as her agent and that she signed the note and gave it to him without further knowledge or inquiry.

On rule to show cause.

Argued at February Term, 1897, before Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the rule, *James F. Minturn.*

*Contra, Babbitt & Lawrence.*

The opinion of the court was delivered by

GARRISON, J. This is an action on a promissory note made by the defendant to the plaintiffs. The defence pleaded was that the defendant's contract with the plaintiffs was that of surety for her husband, the joint maker. Coverture was

not pleaded, but was assumed as the basis of this defence. The plaintiffs rested their case upon proof of the direct written promise to pay. At the close of the testimony for the defendant and its rebuttal, the transaction presented was, in its undisputed form, deemed by the trial court to afford no ground of defence. For this ruling a new trial is now sought.

The transaction was this: Crevier and his wife (who is now his widow) had made a mortgage to the plaintiffs to secure $24,000 upon lands of Crevier. This mortgage was discharged and canceled upon the delivery by Crevier to the plaintiffs of a second mortgage, made by Mr. and Mrs. Crevier on other property for $7,000, a check drawn by Mrs. Crevier alone for $12,000 and the note in suit for $5,000 made by the defendant and her husband. The effect was to extinguish the plaintiffs' mortgage, and that in turn freed the defendant's inchoate right of dower and hence was a benefit to her. *Perkins* v. *Elliott*, 8 *C. E. Gr.* 526.

The defendant does not deny that this was the purpose for which the note was given by her husband to the plaintiffs, and, of course, cannot deny the legal result above stated. The defence lies wholly in the circumstance, stated by the defendant, that when her husband came to her with the note in question, saying, "I would like you to sign that," she did so without getting "any part of the five thousand dollars represented by the note," about which she "asked nothing and knew nothing else."

The assumption that this constitutes any defence ignores, as it seems to me, the doctrine established by the case just cited; while it certainly does not tend, in the remotest degree, to sustain the defendant's plea, viz., that she made a contract of suretyship from which her estate received no benefit. If any effect could be given to the isolated fact of which the defence consists, it would be that she had made no contract at all. This, however, would wipe out the law of agency. The case shows beyond any question that the husband of the defendant was attending to the business out of which this transaction grew, and that while she was not per-

sonally participating in the details, she signed all necessary papers, including a check for $12,000 and this note. The defendant does not repudiate her husband's agency or put in question the right of the plaintiffs to deal with him as such, but simply claims that the written contract that she entrusted to her agent was beyond her capacity because she chose to make no inquiry of him or otherwise to obtain independent knowledge upon which to base her conduct. This does not vary the rule laid down by the case cited. A wife has a perfect right to act through her husband's agency and to rely upon him, if she will, and as no one can prevent her from so doing, neither can anyone be injured by the mere fact that she has chosen so to do. I take it that, where neither fraud, imposition nor negligence exists, an obligation of a married woman beneficial to her separate estate cannot be repudiated by her solely because she had entered into it upon the advice and through the agency of her husband. And that is all that is here claimed.

In my opinion, the case shows a contract within the defendant's capacity to make, and that she did make it; and further, that her reasons for making it and her relations to the agency she selected in making it are possessed of no legal significance.

The rule to show cause should be discharged.